ALLEN, Judge.
The employer/carrier appeal a workers’ compensation order by which the judge declined to apply the 80/80 percent wage-loss formula in section 440.15(3)(b)l, Florida Statutes (1990), because the claimant was unemployed and had no earnings during the claimed period of wage-loss. We conclude that, in accordance with the clear statutory language, the 80/80 formula applies regardless of whether the claimant had any such earnings.
Section 440.15(3)(b)l provides that:
... wage-loss benefits shall be equal to 80 percent of the difference between 80 percent of the employee’s average weekly wage and the salary, wages and other remuneration the employee is able to earn after reaching maximum medical improvement, as compared weekly; however, the weekly wage-loss benefits shall not exceed an amount equal to 66% percent of the employee’s average weekly wage at the time of injury.
In declining to apply the 80/80 formula, the judge construed the statutory reference to the remuneration which the claimant “is able to earn” as contemplating the existence of some earnings, and excluding situations where the claimant has no earnings. However, the statute contains no qualifying language in this regard, and section 440.15(3)(b)2, Florida Statutes (1990), which addresses deemed earnings, expressly con *8 templates circumstances in which the claimant is unemployed and the remuneration the claimant “is able to earn was zero.... ” In certain circumstances section 440.15(3)(b)2 permits an amount to be deemed as the remuneration that the claimant “is able to earn” even if there are no actual earnings. When these provisions are considered in context with the unqualified reference in section 440.15(3)(b)l to the amount that the claimant is able to earn, it appears that the 80/80 formula is intended to apply even during wage-loss periods for which there are no earnings.
As the claimant notes, section 440.-15(3)(b)l also limits wage-loss benefits to 66% percent of the average weekly wage. This limitation has no effect when the 80/80 formula is applied, as the mathematical operation of the 80/80 formula necessarily limits benefits to less than 66% percent of the average weekly wage. But the 66% percent limitation cannot fairly be construed as negating the 80/80 formula. Rather, the 66% percent limitation appears to be merely a vestige of the earlier versions of section 440.15(3)(b)l, which contained a 95/85 formula until chapter 90-201, section 20, Laws of Florida, replaced this with the 80/80 formula. The retention of the 66% percent limitation may have been an inadvertent legislative oversight in that such a limitation would seem to be no longer mathematically necessary. Alternatively, the legislature may have retained the 66% percent limitation in an abundance of caution, but this still does not impact the applicability of the 80/80 formula.
Because section 440.15(3)(b)l invokes the 80/80 formula without qualification as to whether the claimant was employed or had any earnings during the claimed period of wage-loss, the formula should have been applied in the present case. The appealed order is therefore reversed, and the cause is remanded.
WOLF and WEBSTER, JJ., concur.